IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| R. WAYNE KLEIN, a Receiver,<br><br>Plaintiff,<br><br>v.<br><br>STEVE VAN GORDON, MARILYN VAN GORDON, and JOHN DOES 1-5,<br><br>Defendants. | MEMORANDUM DECISION & ORDER<br><br>Case No. 2:13-cv-00445<br><br>Magistrate Judge Dustin Pead |

On October 3, 2013, the parties consented to jurisdiction by U.S. Magistrate Judge Dustin Pead pursuant to 28 U.S.C. §636(c) (doc. 11).  Currently pending before the Court is Defendant Steve Van Gordon and Defendant Marilyn Van Gordon's (Defendants) Motion To Dismiss For Lack of Jurisdiction (doc. 5).

## BACKGROUND

On June 13, 2013, R. Wayne Klein (Receiver), as the Court-Appointed Receiver of National Note of Utah, LC (NNU) and the assets of Wayne Lamar Palmer (Palmer), filed a Complaint against Defendants seeking to recover, for the benefit of the receivership estate, transfers made by NNU to the Defendants.  Mr. Klein was appointed as Receiver by District Court Judge Bruce Jenkins in the underlying Securities and Exchange Commission Civil Enforcement Case (2:12-cv-591, doc. 9).[1]  As the Receiver, Mr. Klein is charged with

---

[1] In the underlying Securities and Exchange Commission (SEC) Civil Enforcement Case, *Securities and Exchange Commission v. National Note of Utah, LC et. al.,* Case No. 2:12-cv-00591 (D. Utah) (Jenkins, J.), the SEC asserts that NNU was operated by Palmer as a Ponzi scheme (SEC Civil Enforcement case, doc. 1).

maximizing the receivership estate for the benefit of NNU investors by bringing actions to recover property transferred by NUU to other parties, such as Defendants.  In his complaint against Defendants, the Receiver seeks to recover transfers made under the Utah Fraudulent Transfer Act based upon constructive trust, unjust enrichment and disgorgement (doc. 2).

## **PENDING MOTION**

On September 16, 2013, Defendants filed their pending motion for dismissal of the Receiver's complaint alleging lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, seeking dismissal pursuant to 28 U.S.C §1367(c)(1) on the grounds that the case raises novel and complex issues of state law (doc. 5).  In opposition, the Receiver argues that jurisdiction over this matter is "well-settled" and that the claims currently asserted by the Receiver against the Defendants are neither complex nor novel (doc. 12).

Subject matter jurisdiction over this proceeding exists pursuant to 28 U.S.C. §1367(a) which governs supplemental jurisdiction of this Court.  That provision states in relevant part:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article II of the Untied States Constitution. . .

28 U.S.C. §1367(a).  Here, the Receiver was appointed in the underlying SEC Enforcement case, a case over which the Court has original jurisdiction pursuant to Sections 20 and 22 of the Securities Act of 1933, 15 U.S.C. §§ 77t and 77v, and Sections 21 and 27 of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78 u and 78aa.  Based thereon, "[i]t is well-settled that a 'federal court, which has appointed a receiver in a proceeding of which it has jurisdiction, has

2

jurisdiction to entertain a suit or proceeding to collect or recover assets.'" *Klein v Petty*, 2013 U.S Dist. LEXIS 127571, at *5-6 (D. Utah Sept 5, 2013) (quoting *Oils, Inc. v. Blankenship*, 145 F.2d 354 (10th Cir. 1944)); *see also Merrill Scott & Assoc., Ltd. v. Concilium Ins. Services,* 253 Fed. Appx. 759, 2007 WL 3253671, at *4 (10th Cir. 2007).  The Tenth Circuit has recognized that actions brought by a receiver do not often "arise under federal law nor involve diverse parties." *Merrill Scott,* 253 Fed. Appx. at 761.  Instead, the Court's jurisdiction arises because the Receiver's claims are considered ancillary to the court's original subject matter jurisdiction as established here in the underlying SEC action.  *Id., see also, Eberhard v. Marcu,* 530 F.3d 122, 129 (2d Cir 2008) ("So long as an action commenced by a court appointed receiver seeks to accomplish the ends sought and directed by the suit in which the appointment was made, such action . . . is regarded as ancillary so far as the jurisdiction of the court. . . is concerned").

While Defendants colorfully characterize the above stated authority as "dig[ing] deep into the dusty old tomes of Supreme Court decisions from over a century past to find some dicta to support their common law claims to supplemental jurisdiction" the Court disagrees (doc. 13). The case law speaks for itself and clearly establishes this Court's jurisdiction over the case as an action ancillary to the Court's original subject-matter jurisdiction of the receivership.   Therefore, Defendants' Motion To Dismiss for lack of subject matter jurisdiction is denied.

In the alternative, Defendants argue that their motion to dismiss should be granted pursuant to 28 U.S.C. §1367(c).  That provision provides:

> (c)        The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
> (1) the claim raises a novel or complex issue of State law. . .

28 U.S.C. § 1367(c).  In reliance thereon, Defendants assert that dismissal is appropriate because

"the issue of whether and how the fraudulent transfer statutes and common law claims made by Plaintiff can be properly applied to an alleged Ponzi scheme appear to be a novel issue of Utah state law" (doc 5).

Upon consideration, the Court disagrees and finds that the claims asserted by the Receiver against Defendants are not novel or complex.  To the contrary, fraudulent transfer cases are routinely tried in the federal courts, in both bankruptcy case and in federal equity receiverships, and the Utah Fraudulent Transfer Act is consistently applied by Courts in this District.  *See generally, Klein v. Scogin,* 2012 U.S. Dist. LEXIS 163312 (October 10, 2012), 2:12-cv-00121-DP, *Wing v. Yager,* 2003 U.S. Dist. LEXIS 28550 (November 7, 2003), 1:03-cv-54-DAK, *Wing v. Alvey,* 2009 U.S. Dist. LEXIS 6611 (January 29, 2009), 2:08-cv-796-DB.  Additionally, the law is equally well-established on the application of the statute of limitations, as applied by the Receiver in this case.  *See* Utah Code Ann. § 25-6-10; *see also Wing v. Dockstader,* 482 Fed. Appx. 361 (10th Cir. 2012) (explaining the one year tolling period under Section 25-6-10).  Accordingly, Defendants' Motion To Dismiss pursuant to 28 U.S.C. § 1367(c) is denied.

In his opposition, the Receiver asserts that because Defendants' arguments "have no basis in the law" and that a "modicum of research" would have borne this out, sanctions against the Defendants are warranted (doc. 12).  While not specifically requesting sanctions, Plaintiff seeks "guidance" from the Court as to whether a motion for sanctions would be appropriate.  Id.  In so doing, Plaintiff directs the Court to a chain of email correspondence between respective counsel revealing the parties' discussions on the jurisdictional issues raised in Defendants' Motion To Dismiss (doc. 12-1).

Pursuant to Federal Rule of Civil Procedure 11(c)(2), a Motion For Sanctions must be filed separately and independently from any other motion.  *See* Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violations Rule 11(b)"); *see also* DUCivR 7-1(1) ("The motion and any supporting memorandum must be contained in one document. . ..").  Based thereon, the Court is unwilling to provide "guidance", essentially amounting to an advisory opinion on the issue, but suggest that to the extent Plaintiff believes that the Defendants' actions warrant sanctions, Plaintiff is invited to file a motion, for consideration by the Court, outlining the grounds therefore.  Defendants shall, in turn, have an opportunity to oppose any such motion as they see fit.

## ORDER

Based upon the foregoing, Defendants' Motion To Dismiss is hereby DENIED (doc. 5).

**IT IS SO ORDERED**.

Dated: November 21, 2013

_____
Dustin B. Pead
U.S. Magistrate Judge